IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRISTIAN ORLANDO CASTILLO QUINONES,<br><br>Petitioner,<br><br>vs.<br><br>COLETTE PETERS and MICHAEL UNDERWOOD,<br><br>Respondents. | )<br>)<br>)<br>)<br>)  Civil Action No. 3:24-cv-206<br>)  Judge Stephanie L. Haines<br>)  Magistrate Judge Kezia O.L. Taylor<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Cristain Orlando Castillo Quinones ("Petitioner") (ECF No. 5) and supporting Brief (ECF No. 6). Petitioner claims that his conviction should be dismissed because his extradition from Columbia to the United States for prosecution violated a treaty between the two countries. ECF No. 5, p. 4, ECF No. 5-1, p. 2. Therefore, Petitioner believes that the Middle District of Florida did not have subject matter jurisdiction over his case and he should be returned to Columbia. ECF No. 6, p. 10. Respondents' Response (ECF No. 13) stated that treaty-based claims are usually filed under 28 U.S.C. § 2255 motions making Petitioner's Petition under Section 2241 improper and as such Respondents argue that the Petition should be denied. Petitioner filed a Reply (ECF No. 18), arguing that the case law relied on by Respondents was not on-point and that Respondents did not address the treaty itself. This matter was referred to Magistrate Judge Kezia Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On April 14, 2025, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 21) recommending that the Petition (ECF No. 5) be dismissed without prejudice for lack of subject

matter jurisdiction. Judge Taylor found that Petitioner's claims clearly challenge the validity of his conviction and sentence, claims properly brought under Section 2255. She further found that Petitioner failed to demonstrate the applicability of the savings clause, that could have shown that Section 2255 to be inadequate in this case, thus allowing Petition to bring his case under Section 2241. Petitioner was advised he could file objections to the Report and Recommendation within fourteen days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner timely filed Objections (ECF No. 22) on April 28, 2025.

Petitioner's Objections are the same arguments that he stated in his Reply (ECF No. 18). Petitioner states that *Jones v. Hendrix*, 599 U.S. 465 (2023) is not appropriate precedent for this case because *Jones* only speaks to questions regarding the Constitution and laws but does not address the issues as they apply to Treaties. He adds that the Section 2241 *may* be used in his case. This Court finds that these arguments have been addressed in Magistrate Judge Taylor's Report and Recommendation and will summarily reiterate her finding here.

First, Judge Taylor provides that Section 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging the execution of his sentence, not the validity of the sentence. ECF No. 21, p. 2. Instead, a challenge to the validity of the sentence should be brought under Section 2255. *Id.* The Parties agree that Petitioner challenges the validity of his sentence; he states that his sentence is invalid because the United States Federal Court which sentenced him to a term of 210 months imprisonment for drug offenses lacked jurisdiction to prosecute him under a Treaty between Columbia and United States. ECF No. 18, pp. 3-4. Thus, Section 2241 is the proper vehicle by which Petitioner should make his claim.

Under *Jones v. Hendrix*, the Supreme Court stated there may be limited circumstances by which a person challenging the validity of his claim may use Section 2255. These limited

circumstances include where a sentencing court no longer exists or because of the Petitioner's inability to be present at a hearing. ECF No. 21, pp. 3-4 (*See* Judge Taylor's case law citations when Section 2255 may be used to challenge the validity of a sentence). None of the applicable circumstances exist here. Indeed, Petitioner has filed a 2255 Petition in the sentencing court. ECF No. 21, p. 2 n. 1. This Court agrees with Petitioner that Section 2241 *may* be used to argue Petitioner's claims but it may only be done when Section 2255 is proven inadequate and Petitioner has made no such argument. Petitioner's argument that *Jones* is not applicable is simply wrong. The holding in *Jones* applies to the jurisdiction of Courts to hear cases based on a petitioner's claims, it is inconsequential to the finding what the rule of law is under scrutiny. It is undisputed that Petitioner's claim falls squarely under 28 U.S.C. § 2255 and that there is no argument that it may be converted to a claim under Section 2241 under the savings clause.

Upon review of the record and the Report and Recommendation (ECF No. 21) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter. Judge Taylor correctly found the Petition (ECF No. 5) should be dismissed for lack of subject matter jurisdiction.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 2nd day of March, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5) hereby is DISMISSED without prejudice; and,

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 22) are overruled; and

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 21) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge